UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA ROSE JAROSS, | No. 2:16-cv-1861-EFB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. The parties have filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion for summary judgment is denied and the Commissioner's motion is granted.

I.  BACKGROUND

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging that she had been disabled since February 15, 2012. Administrative Record ("AR") 221-237. Her applications were denied initially and upon reconsideration. *Id.* at 146-153, 160-164. On August 25, 2014, a hearing was held before administrative law judge ("ALJ") Marilyn S. Mauer. *Id.* at

1

44-73. Plaintiff was represented by counsel at the hearing, at which she and a vocational expert ("VE") testified. *Id.*

On January 8, 2015, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id*. at 19-29. The ALJ made the following specific findings:

1. Ms. Jaross meets the insured status requirements of the Social Security Act through June 30, 2013.

2. Ms. Jaross has not engaged in substantial gainful activity since February 15, 2012, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

\* \* \*

3. Ms. Jaross has the following severe impairments: bipolar disorder; anxiety disorder; personality disorder with avoidant tendencies; obsessive-compulsive disorder; and migraines (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

4. Ms. Jaross does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. After careful consideration of the entire record, I find that Ms. Jaross has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she can reach and feel without limitation, but can only handle and finger objects frequently. She must avoid concentration exposure to inhaled irritants. She can understand, remember, and carry out simple instructions in a setting with no public contract.

\* \* \*

6. Ms. Jaross is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

\* \* \*

7. Ms. Jaross was born [in] 1963 and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. Ms. Jaross has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that Ms. Jaross is "not disabled," whether or not she has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering Ms. Jaross' age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that she can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

\* \* \*

11. Ms. Jaross has not been under a disability, as defined in the Social Security Act, from February 15, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 21-29.

Plaintiff's request for Appeals Council review was denied on June 3, 2016, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. ANALYSIS

Plaintiff argues that the ALJ erred by relying on testimony from a vocational expert that conflicted with the information provided by the Dictionary of Occupational Titles ("DOT").[2]

---

[2] The Commissioner argues that plaintiff has waived any challenge to the ALJ's reliance on the vocational expert's testimony because she was represented by counsel at the hearing, but failed to question the vocational expert as to any potential conflict between her testimony and the DOT. ECF No. 19 at 6. The argument was recently addressed and rejected by the Ninth Circuit. *See Lamear v. Berryhill*, 865 F.3d 1201,1205-06 (9th Cir. 2017) ("[C]ounsel's failure does not relieve the ALJ of his express duty to reconcile apparent conflicts through questioning: 'When there is an apparent conflict between the vocational expert's testimony and the DOT—for

4

ECF No. 17 at 4-9.

At the fifth step, the ALJ is required to "identify specific jobs existing in substantial numbers in the national economy that [the] claimant can perform despite her identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). In doing so, the ALJ must first assess the claimant's residual functional capacity ("RFC"), which is the most the claimant can do despite her physical and mental limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The ALJ then must consider what potential jobs the claimant can perform given her RFC. 20 C.F.R. §§ 404.1566, 416.966. "In making this determination, the ALJ relies on the DOT, which is the SSA's primary source of reliable job information regarding jobs that exist in the national economy." *Zavalin v. Colvin*, 778 F.3d 842, 845-46 (9th Cir. 2015) (quotation marks omitted).

In addition to the DOT, an ALJ may rely on testimony from a vocational expert who testifies about the jobs the claimant can perform in light of her RFC. 20 C.F.R. §§ 404.1566(e), 416.966(e); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). Generally, occupational evidence provided by a vocational expert should be consistent with the occupational information supplied by the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (citing SSR 00-4p, at *4). However, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435.

The Ninth Circuit has explained that "when a vocational expert provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that vocational evidence and information provided in the Dictionary of Occupational Titles." *Id*. (internal quotations and emphasis omitted). "When there is an apparent conflict between the vocational expert's testimony and the DOT—for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency."

---

example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency.'") (quoting *Zavalin*, 778 F.3d at 846). According, the court addresses the merits of plaintiff's argument.

5

*Zavalin*, 778 F .3d 846.

At the administrative hearing, the ALJ asked the vocational expert to consider whether there were jobs in the national economy that could be performed by a hypothetical individual with plaintiff's age, education, work experience, and RFC. AR 68-69. The vocational expert testified that such an individual could work as a table worker, DOT 783.687-030; bagger, DOT 920.587-018; and hand packager, DOT 559.687-074. *Id*. 69-70. The ALJ relied on this testimony in finding that plaintiff was not disabled because there were significant jobs in the national economy that she could perform. *Id*. at 28-29.

Plaintiff contends that the ALJ erred in relying on the vocational expert's testimony that plaintiff could perform these jobs. ECF No. 17 at 9. Specifically, plaintiff contends that her limitation to understanding, remembering, and carrying out simple instructions precludes her from working as a bagger and hand packager as the DOT describes both jobs as requiring level 2 reasoning. ECF No. 17 at 4-7. She further argues that her limitation to frequent fingering conflicts with an ability to work as a table worker, as well as a bagger, because the DOT describes these occupations as requiring constant fingering. *Id*. at 7-8. Plaintiff contends that because the vocational expert's testimony conflicted with the DOT, the ALJ was required to inquire about the deviation, yet failed to do so.

Plaintiff relies on *Rounds v. Comm'r of Soc. Sec.*, 807 F.3d 996 (9th Cir. 2015), in support of her contention that she cannot perform Level 2 reason. In that case, the Ninth Circuit held that there is an apparent conflict between an ability to perform Level 2 Reasoning and a limitation to one to two step tasks. *Id*. 1004. The court, however, observed that there is a distinction between a limitation to "one to two step tasks" and a limitation to "simple" or "repetitive" tasks. *Id*. at 1004 n.6.

Here, the ALJ found plaintiff limited to understanding, remembering, and carrying out simple instructions, not the performance of one to two step tasks.[3] AR 23. Accordingly,

---

[3] Plaintiff notes that a state agency physician opined that she was limited to one to two step tasks. ECF No. 17 at 6. The ALJ, however, did not include this limitation in plaintiff's RFC, and plaintiff does not challenge the ALJ's RFC determination.

6

plaintiff's reliance on *Rounds* is misplaced. Moreover, courts have regularly concluded that an ability to perform simple instructions is consistent with Level 2 Reasoning. *See, e.g.*, *Zavalin*, 778 F.3d at 846-47 (finding that Level 2 Reasoning is more consistent with limitation to "simple, routine, and repetitive work" than Level 3 Reasoning); *Lara v. Astrue*, 305 F. App'x 324, 326 (9th Cir. 2008) ("[S]omeone able to perform simple, repetitive tasks is capable of . . . Reasoning Level 2 jobs."); *Abrew v. Astrue*, 303 F. App'x 567, 569 (9th Cir. 2008) ("[T]here was no conflict between the ALJ's step five determination that [the claimant] could complete only simple tasks and the vocational expert's testimony that [the claimant] could do jobs . . . categorizes at 'Reasoning Level 2.'"); *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) (finding there is no direct conflict between "carrying out simple job instructions" and occupations involving Reasoning Level Two); *Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005) ("[L]evel-two reasoning appears more consistent with" simple and routine work tasks.); *Money v. Barnhart*, 91 F. App'x 210, 215 (3d Cir. 2004) ("Working at reasoning level 2 would not contradict the mandate that [claimant's] work be simple, routine and repetitive"); *Coleman v. Astrue*, 2011 WL 781930, at *5 (C.D. Cal. Feb. 28, 2011) ("[T]he weight of prevailing authority precludes a finding of any inconsistency between a reasoning level of two and a mere limitation to simple, repetitive tasks or unskilled work.") (collecting cases)); *Xiong v. Comm'r of Soc. Sec.*, 2010 WL 2902508, at *6 (E.D. Cal. July 22, 2010) ("Courts within the Ninth Circuit have consistently held that a limitation requiring simple or routine instructions encompasses the reasoning levels of one and two.") (collecting cases)).

Plaintiff next argues that the ALJ erred in adopting the vocational expert's testimony that an individual with her RFC could work as a table worker and bagger. ECF No. 17 at 7-9. Plaintiff contends that she cannot perform these positions because they require constant fingering, which is inconsistent with her limitation to frequent fingering. The court need not reach the issue. As noted above, the ALJ permissibly relied on the vocational expert's testimony to conclude that plaintiff could work as a hand packager, which has 400,000 jobs nationwide. *See* AR 69-70. Even if the ALJ erred in finding that plaintiff could work as a bagger and table worker, there are a sufficient number of hand packager positions in the national economy to sustain the ALJ's

decision. *See Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995) (60,000 national jobs is a significant number). Accordingly, any error in finding that plaintiff could perform work as a bagger or table worker would, at most, be harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (applying harmless error standard in Social Security cases); *Gallo v. Comm'r of Soc. Sec. Admin.*, 449 F. App'x 648, 650 (9th Cir. 2011) ("Because the ALJ satisfied his burden at Step 5 by relying on the VE's testimony about the Addresser job, any error that the ALJ may have committed by relying on the testimony about the 'credit checker' job was harmless.").

Accordingly, the ALJ properly found that there are a significant number of jobs in the national economy that plaintiff can perform.

IV. <u>CONCLUSION</u>

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's cross-motion for summary judgment is granted; and

3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: September 19, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE